J-A12030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                                   :
                                   :
                                   :
            v.                            :
                                   :
EDUARDO RIVERA                      :
                                   :
            Appellant            :        No. 1006 EDA 2023

Appeal from the Judgment of Sentence Entered February 2, 2023
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006322-2019

BEFORE: PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                **FILED SEPTEMBER 19, 2024**

Appellant, Eduardo Rivera, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial convictions for theft by deception and home improvement fraud.[1] We affirm.

The trial court summarized the relevant facts[2] and procedural history of this case as follows:

> During October 2018, Victim Lisha Morancie contracted with Appellant for renovations and home improvement to be completed at her home located at 30 Pilgrim Lane, Drexel Hill, Delaware County, Pennsylvania. Appellant received thousands of dollars from Victim…to complete the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3922(a)(2) and 73 P.S. § 517.8(a)(2).

[2] The trial court provides a more detailed recitation of the facts adduced at trial later in its opinion. (**See** Trial Court Opinion, filed 8/9/23, at 6-12).

renovations. Appellant destroyed much of the home's interior during the demolition stage and did not return to complete the renovations. To make matters worse, while Appellant was working on the initial demolition aspect of the renovations, he asked Victim…for more money for the renovations and she gave it to him.

Appellant stopped work and delayed the project and abandoned the project; Victim…was unaware Appellant had abandoned the project; Victim…made several attempts to contact Appellant in an effort to have him return, continue working, and complete the renovation work. Appellant continuously made promises to complete the work, and he told Victim…he would refund all the money she had paid to him. Appellant did not complete the work, he did not refund any money to Victim…, and he stopped all communication with Victim[.] Further aggravating the matter, Victim…discovered that Appellant's demolition resulted in actual damage to vital parts of her home, including damage to a support joist.

Ultimately, on December 9, 2019, a criminal complaint was filed charging Appellant with several violations of the crimes code including 73 [P.S.] § 517.8 Home Improvement Fraud (Felony 3), 18 Pa.C.S. § 3921 Theft by Unlawful Taking of Movable Property (Felony 2), 18 Pa.C.S. § 3922 Theft by Deception (Felony 2), and 18 Pa.C.S. § 3925 Theft by Receiving Stolen Property (Felony 2).

On September 12, 2022, jury selection commenced and on September 19, 2022[,] the jury found Appellant guilty on one count of home improvement fraud and one count of theft by deception.

On November 15, 2022[,] this court imposed judgment of sentence upon Appellant [of 6 to 23 months' imprisonment for home improvement fraud plus five years' probation for theft by deception, and restitution in the amount of $25,300.00].

Additionally, this court delayed the start of Appellant's confinement to January 2, 2023.

On [Monday,] November 28, 2022[,] Appellant filed a

[timely] Post-Sentence.[3]  On February 2, 2023[,] this court held a hearing on Appellant's Post-Sentence Motion, and amended Appellant's sentence [which permitted Appellant to be released on electronic monitoring after serving 60 days' imprisonment].

On February 13, 2023[,] Appellant filed a ["Second Post-Sentence Motion" in the nature of a request for clarification regarding the court's ruling on the other claims raised in Appellant's initial post-sentence motion].  On March 29, 2023[,] this court entered an order denying the Post-Sentence Motion.

On April 20, 2023[,] Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania.  On May 19, 2023[,] this court entered an order directing Appellant to file a Concise Statement of Issues Complained of on Appeal.  On June 6, 2023[,] Appellant filed the Statement[.]

(Trial Court Opinion at 1-4) (internal footnote omitted).

Appellant raises five issues for our review:

Whether the evidence was insufficient to establish home improvement fraud, 73 [P.S.] § 517.8(a)(2), inasmuch as the Commonwealth did not demonstrate beyond a reasonable doubt that [A]ppellant acted with the specific intent to defraud or injure the complainant or with knowledge that he was facilitating a fraud or injury to be perpetrated by anyone?

Whether the evidence was insufficient to establish theft by deception, 18 Pa.C.S. § 3922(a)(2), inasmuch as the Commonwealth did not demonstrate beyond a reasonable doubt that [A]ppellant intentionally obtained or withheld property of the complainant by deception, *i.e.*, by intentionally preventing the complainant from acquiring information which would affect her judgment of a transaction?

Whether the trial court abused its discretion and imposed an

_____

[3] Friday November 25, 2022 was a court holiday (the day after Thanksgiving).

illegal sentence by imposing $25,300 in restitution inasmuch as that amount is speculative and not supported by the record, and there is no nexus between the crimes for which [A]ppellant was convicted and the amount of damages imposed?

Whether the trial court erred as a matter of law and violated the discretionary aspect[s] of sentencing when it imposed a manifestly excessive and unreasonable sentence, inasmuch as the trial court failed to give individualized consideration to [A]ppellant's personal history, rehabilitative needs and background; and the sentence was in excess of what was necessary to address the gravity of the offense, the protection of the community and [A]ppellant's rehabilitative needs?

Whether the trial court imposed an illegal sentence on both charges because the verdict form submitted to the jury omitted the element of intent for either charge in order to establish a finding of guilt, such that the trial court lacked authority to impose sentence on either charge?

(Appellant's Brief at 5).[4]

After a thorough review of the record, the briefs of the parties, and the applicable law, we conclude that Appellant's issues merit no relief for the reasons stated in the trial court's well-reasoned opinion. (*See* Trial Court Opinion at 12-18, 21-27) (finding:[5] **(issue 1)** Appellant began renovations for Victim's home but he did not maintain or acquire proper licenses and permits to conduct home improvement business; Appellant conducted

_____

[4] We have reordered some of Appellant's issues to more closely track the trial court's analysis of these issues.

[5] We note that the trial court opinion cites to the home improvement fraud statute as 73 Pa.C.S. § 517.8(a). Nevertheless, the correct citation for this crime is 73 P.S. § 517.8(a).

demolition outside of commonly understood safety procedures; Appellant damaged key features of Victim's home, including structural aspects, and also damaged jacuzzi tub; Appellant did not proceed past demolition stage of project; Appellant received advanced payment from Victim by both check and gift card; Appellant then abandoned project; although Appellant promised to repay Victim, he did not; instead, Appellant cut off all communication with Victim; jury weighed evidence presented and found that Commonwealth met its burden of proof beyond reasonable doubt, notwithstanding Appellant's testimony to contrary; additionally, evidence showed that Appellant and Victim verbally agreed to timeframe in which Appellant would complete project, which was by November 2018; Appellant and Victim extended deadline to December 2018; Appellant did not meet deadlines and abandoned job, leaving Victim's home in absolute state of disarray; Commonwealth presented sufficient evidence to establish all elements of home improvement fraud;[6] **(issue 2)** Appellant did not provide accurate information to Victim regarding Appellant's lack of contractor's license; Appellant did not possess or

---

[6] **See Commonwealth v. Roncase**, No. 797 MDA 2019 (Pa.Super. filed Feb. 20, 2020) (unpublished memorandum) (holding evidence was sufficient to convict appellant of home improvement fraud under Section 517.8(a)(2) where appellant performed only perfunctory work and multiple installations were missing from premises, appellant stopped returning Victim's phone calls and text messages, and appellant failed to finish agreed-upon work and procure necessary materials and permits for project). **See also** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

acquire adequate licenses and permits to conduct home improvement services; license that Appellant possessed and used was expired;[7] Appellant did not provide information to Victim concerning his lack of experience; Commonwealth presented sufficient evidence to prove Appellant committed theft by deception;[8] **(issue 3)** evidence showed that Victim paid Appellant $13,000.00 to complete renovation work on her home; record also shows that Appellant damaged support joist integral to supporting house and cost to repair joist totaled $11,500.00; court concluded that these damages occurred as direct result of Appellant's conduct and would not have occurred but for Appellant's conduct; thus, court awarded appropriate amount of restitution;[9]

_____

[7] We reject Appellant's argument that he lacked the requisite intent for theft by deception. Here, the jury could reasonably infer from the circumstantial evidence that Appellant intentionally showed Victim an expired business privilege license, instead of the contractor's license she requested, to prevent Victim from learning that Appellant was not qualified to perform the renovations.

[8] On page 18 of the court's opinion, the court inadvertently refers to this crime as "theft by unlawful taking." Read in context, it is clear the court's reference was a typographical error and that the court meant to state "theft by deception." We further clarify that Appellant was convicted under Section 3922(a)(2), which states: "A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally: … prevents another from acquiring information which would affect his judgment of a transaction[.]" 18 Pa.C.S.A. § 3922(a)(2). To the extent the trial court cites law related to Section 3922(a)(1) (regarding theft by deception by false impression), such law is not directly applicable to the subsection of the crime at issue.

[9] We note that Appellant's claim that there was no nexus between the crimes for which he was convicted and the damaged ceiling joist implicates the
*(Footnote Continued Next Page)*

- 6 -

**(issue 4)** prior to sentencing, court's inclination was to impose state sentence, at top of standard range, of 18 to 36 months' imprisonment; court carefully considered Commonwealth's sentencing memorandum, Victim's impact statement; Victim's monetary loss, sentencing guidelines, and pre-sentence investigation report; during sentencing hearing, court listened to arguments of counsel and considered gravity of crime upon Victim and community at large; court further considered testimony from Appellant and his wife concerning her illness and how Appellant cares for her; court also considered Appellant's lack of criminal history; thus, court imposed lesser sentence than originally contemplated of only 6 to 23 months' imprisonment,

---

legality of Appellant's sentence. *See Commonwealth v. Muhammad*, 219 A.3d 1207 (Pa.Super. 2019). On the other hand, Appellant's challenge to the amount of restitution imposed implicates the discretionary aspects of Appellant's sentencing. *See Commonwealth v. Weir*, 662 Pa. 402, 239 A.3d 25 (2020). Appellant preserved the portion of this issue implicating the discretionary aspects of sentencing by including it in a timely-filed post-sentence motion, filing a timely notice of appeal, and including it in the requisite Rule 2119(f) statement. Further, Appellant's claim raises a substantial question for our review. *See Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (explaining four-part test required to invoke this Court's jurisdiction to review challenge to discretionary aspects of sentencing). *See also Commonwealth v. Solomon*, 247 A.3d 1163 (Pa.Super. 2021) (*en banc*), *appeal denied*, ___ Pa. ___, 274 A.3d 1221 (2022) (stating that challenge to amount of restitution set by trial court presents substantial question).

We further note that the court set restitution at $25,300.00 encompassing the $13,000.00 Victim paid to Appellant and the $11,500.00 cost to repair the damaged joist (totaling $24,500.00). Although the court did not specify the $800.00 difference, at sentencing the Commonwealth sought interest. Thus, it appears the $800.00 represents an amount of interest the court awarded. Appellant does not challenge the $800.00 difference on appeal.

which was county sentence, plus five years' probation; court subsequently amended Appellant's sentence to permit Appellant to serve remainder of his minimum sentence on electronic monitoring after completion of 60 days' imprisonment; court considered all relevant factors under Section 9721(b) when imposing sentence; court did not abuse its sentencing discretion;[10] **(issue 5)** Appellant did not object to validity of verdict sheet constituting waiver of this issue on appeal;[11] moreover, verdict sheet was valid). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

_____

[10] Appellant preserved this sentencing challenge by raising it in his timely filed post-sentence motion, by filing a timely appeal, and by including it in the requisite Rule 2119(f) statement. **See Griffin, supra**. Assuming without deciding that Appellant's sentencing claim raises a substantial question, we agree with the trial court that his sentencing challenge fails on the merits.

[11] The failure to object to language on the verdict sheet results in waiver of any challenge to the verdict sheet on appeal. **See Commonwealth v. Jackson**, No. 492 WDA 2021 (Pa.Super. filed Mar. 16, 2022) (unpublished memorandum), *appeal denied*, ___ Pa. ___, 282 A.3d 372 (2022). In an attempt to escape waiver, Appellant purports to present this issue as one challenging the "legality of his sentence." Appellant's reliance on **Weir, supra** and **Commonwealth v. Prinkey**, ___ Pa. ___, 277 A.3d 554 (2022) is misplaced, as neither of these cases involves a challenge to a verdict sheet and are factually distinguishable from the case at bar.

We also observe that the court expressly instructed the jury on intent with respect to home improvement fraud and theft by deception in the court's jury instructions. (**See** N.T. Trial, 9/14/22, at 185-86).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/19/2024



ORIGINAL

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | **CP-23-CR-0006322-2019** |
| | : | |
| **v.** | : | |
| | : | |
| **EDUARDO RIVERA** | : | **1006 EDA 2023** |
| | : | |

**Catherine Kiefer, Esquire, Attorney for the Commonwealth**
**Emily Mirsky, Esquire, Attorney for Appellant**

**CAPPELLI, J.**                                                        **August 9, 2023**

## OPINION

Appellant appeals from the February 2, 2023 judgment of sentence. This appeal lacks merit and should be dismissed.

## I. BACKGROUND & PROCEDURAL HISTORY

This appeal arises from Appellant's February 2, 2023 judgment of sentence for home improvement fraud and theft by deception.

During October 2018, Victim Lisha Morancie contracted with Appellant for renovations and home improvement to be completed at her home located at 30 Pilgrim Lane, Drexel Hill, Delaware County, Pennsylvania. Appellant received thousands of dollars from Victim Morancie to complete the renovations. Appellant destroyed much of the home's interior during the demolition stage and did not return

to complete the renovations. To make matters worse, while Appellant was working on the initial demolition aspect of the renovations, he asked Victim Morancie for more money for the renovations and she gave it to him.

Appellant stopped work and delayed the project and abandoned the project; Victim Morancie was unaware Appellant had abandoned the project; Victim Morancie made several attempts to contact Appellant in an effort to have him return, continue working, and complete the renovation work. Appellant continuously made promises to complete the work, and he told Victim Morancie he would refund all the money she had paid to him. Appellant did not complete the work, he did not refund any money to Victim Morancie, and he stopped all communication with Victim Morancie. Further aggravating the matter, Victim Morancie discovered that Appellant's demolition resulted in actual damage to vital parts of her home, including damage to a support joist.

Ultimately, on December 9, 2019, a criminal complaint was filed charging Appellant with several violations of the crimes code including 73 Pa.C.S. § 517.8 Home Improvement Fraud (Felony 3), 18 Pa.C.S. § 3921 Theft by Unlawful Taking of Movable Property (Felony 2), 18 Pa.C.S. § 3922 Theft by Deception (Felony 2), and 18 Pa.C.S. § 3925 Theft by Receiving Stolen Property (Felony 2).

2

On September 12, 2022 jury selection commenced and on September 19, 2022 the jury found Appellant guilty on one count of home improvement fraud and one count of theft by deception.

On November 15, 2022 this court imposed judgment of sentence upon Appellant:

- For the receiving of advance payment for services failed to be performed conviction, to confinement in the George W. Hill Correctional Facility for a minimum term of 6 months to a maximum term of 23 months, submit to DNA testing, and comply with the rules and regulations governing probation and parole;

- For theft by deception conviction, to five years of probation consecutive to the sentence of confinement for receiving advance payment for services failed to be performed.

- Restitution in the amount of $25,300.00.

Additionally, this court delayed the start of Appellant's confinement to January 2, 2023.

3

On November 28, 2022 Appellant filed a Post-Sentence Motion. On February 2, 2023 this court held a hearing on Appellant's Post-Sentence Motion, and amended Appellant's sentence.[1]

On February 13, 2023 Appellant filed a second Post-Sentence Motion. On March 29, 2023 this court entered an order denying the Post-Sentence Motion.

On April 20, 2023 Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania. On May 19, 2023 this court entered an order directing Appellant to file a Concise Statement of Issues Complained of on Appeal. On June 6, 2023 Appellant filed the Statement in which he raised the following issues:

1. The evidence was insufficient to establish home improvement fraud, 73 Pa.C.S. § 517.8(a)(2), inasmuch as the Commonwealth did not demonstrate beyond a reasonable doubt that appellant acted with intent to defraud or injure the complainant or with knowledge that he was facilitating a fraud or injury to be perpetrated by anyone, in violation of his Due Process rights under the United States and Pennsylvania Constitutions.

---

[1] On December 14, 2022 Appellant filed a Petition for Habeas Corpus Relief. On December 20, 2022 this court entered an *inter alia* order to revoke Appellant's bail as on January 3, 2023. On December 26, 2022 Appellant filed a Petition for Habeas Corpus Relief in the Superior Court of Pennsylvania, and on December 27, 2022 the Superior Court of Pennsylvania entered an order directing the trial court to issue a statement of reasons in support of its December, 20 2022 order. On December 28, 2022 this court filed its response to the order. On December 30, 2022 the Superior Court of Pennsylvania vacated the December 20, 2022 order and allowed this court to re-address Appellant's bail matter. On January 03, 2023, following a bail hearing at which Appellant was present, this court entered an order revoking Appellant's bail.

4

2. The evidence was insufficient to establish home improvement fraud, 73 Pa.C.S. § 517.8(a)(2), in violation of his Due Process rights under the United States and Pennsylvania Constitutions, inasmuch as the evidence of record demonstrated that the time frame to provide services was extended by agreement with the owner.

3. The evidence was insufficient to establish theft by deception, 18 Pa.C.S. § 3922(a)(2), in violation of his Due Process rights under the United States and Pennsylvania Constitutions, inasmuch as the evidence of record demonstrated that the time frame to provide services was extended by agreement with the owner.

4. Appellant's conviction for 73 Pa.C.S. § 517.8(a)(2) must be vacated inasmuch as the criminal information charged him only 73 Pa.C.S. § 517.8(a)(1), such that he was convicted of an act not charged in the criminal information, in violation of his Due Process rights under the United States and Pennsylvania Constitutions.

5. The trial court imposed an illegal sentence on both charges because the verdict form submitted to the jury omitted the element of intent for either charge in order to establish finding of guilt, thereby rendering the verdicts invalid such that the trial court lacked authority to impose sentence on either charge.

6. The trial court erred and abused its discretion by providing a verdict slip to the jury that was inconsistent with the jury instructions, omitting any reference to the required element of intent for both charges, thereby rendering the verdict slip legally invalid and requiring reversal.

7. The trial court abused its discretion and imposed an illegal sentence by imposing $25,300 in restitution as part of appellant's sentence inasmuch as that amount was speculative and not supported by the record; there was no direct causal nexus between the offenses for which appellant was found guilty and the amount of imposed restitution; and the Commonwealth alleged in the criminal complaint, the affidavit of probable cause and the criminal information that the amount of restitution was $13,000.

8. The trial court erred as a matter of law and violated the discretionary aspect of sentencing when it imposed a manifestly excessive and unreasonable sentence, inasmuch as the trial court failed to state sufficiently adequate reasons for imposing the sentence and failed to give individualized consideration to appellant's background, personal history and rehabilitative needs, focusing solely on punishment and retribution.

9. The trial court erred as a matter of law and violated the discretionary aspect of sentencing, specifically the requirements of 42 Pa.C.S. § 9721(b) of the Sentencing Code, which states that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

10. The verdicts for each charge were against the weight of the evidence inasmuch as the jury could only have relied on speculation and conjecture regarding appellant's intent required for the charged offenses, such that appellant's convictions were manifestly unreasonable and a new trial should be granted in the interest of justice.

## II. TRIAL SUMMARY

The record of the jury in this matter reveals the Commonwealth presented a clear, concise, and compelling case for the Appellant's guilt and conviction for the criminal offenses home improvement fraud and theft by deception. During the trial, the Commonwealth elicited testimony from several witnesses, building the case against Appellant in a methodical and logical manner, and proving beyond a reasonable doubt Appellant committed the offenses. Appellant testified in an attempt to defend himself against the charges and alleged he did not intend to steal Victim

6

Morancie's money or destroy her property. The jury concluded the Commonwealth's witnesses were credible and did not believe Appellant.

A review of the pertinent trial record reveals the following:

**A. The Commonwealth's Case**

**1. Testimony from Lisha Morancie. September 13, 2022 Notes of Testimony at pp. 31-146.**

Victim Morancie testified: she is the owner of the home at 30 Pilgrim Lane, Drexel Hill, Delaware County, Pennsylvania. Victim Morancie testified on October 29, 2018 she wrote a check in the amount of $12,000.00 payable to Appellant, and she provided an American Express gift card for additional materials to Appellant for $1,000.00 in November. Id. at 72-75. She observed Appellant's demolition of the home and much of the home's interior was ripped out; Appellant also was messy and left trash and debris scattered throughout the home. Id. at 79. Victim Morancie also testified Appellant damaged her jacuzzi tub and it was broken on one side. Id. at 90-91. Victim Morancie testified, following Appellant's abandonment of the project, she needed to hire a new contractor to complete the renovations and to repair the damage to her home caused by Appellant. Victim Morancie testified an additional $9,000 for joist repair, and an additional $2,500 for the necessary materials, resulting from the demolition undertaken by Appellant. Id. at 101.

On cross-examination, Victim Morancie testified that no formal or written deadline was set for the completion of the renovation of the house. Victim Morancie testified she and Appellant made verbal agreements that the home renovations were to be completed by the end of November of 2018, and Victim Morancie testified to having reminded Appellant of the deadline before the deadline was reached. Id. at 114. Victim Morancie testified after Appellant missed the November deadline they agreed to extend the deadline to the end of December of 2018. Victim Morancie testified Appellant missed the December deadline. Id. at 115-116.

**2. Testimony from Dr. Stephen Hartley, Director of Construction Management at Williamson College of Trades in Media, Pennsylvania. September 13, 2022 Notes of Testimony at pp. 147-180.**

Dr. Stephen Hartley, Director of Construction Management at Williamson College of Trades in Media, Pennsylvania, testified the demolition of the home did not meet professional standards. Witness Hartley testified concerning Appellant's lack of safety precautions: when Appellant left staples in the floor following the carpet removal; Appellant prematurely removed the carpet while still conducting demolition, and this could result in damage to the floor; Appellant improperly removed a toilet pipe, and this was a fire hazard because of the potential of backlogged sewer gas. Id at 156-160. Witness Hartley testified Appellant's deliberate cutting of Victim's jacuzzi tub was inappropriate because there was more

8

professional and efficient ways to fit the tub in a room. Id. At 164-165. Witness Hartley testified the tub now needed a patch and no patches would be able to hold the weight of any water inside the tub. Id. at 154. Importantly, Witness Hartley testified that he did not observe the work was completed. Id. at 175.

On cross-examination, Witness Hartley testified Appellant's cost estimate for the job was unusually low compared to the length of time the renovations would likely require. Id. at 179.

### 3. Testimony from Detective Michelle Deery. September 14, 2022 Notes of Testimony at pp. 6-13.

Detective Deery testified Appellant was not registered through the state to officially conduct a home improvement business. Id. at 7-8. Detective Deery also testified Victim Morancie never had any money refunded to her after Appellant failed to complete the home improvement. Id. at 13.

On cross-examination, Detective Deery testified she had never tried to contact any potential employees of the Appellant to confirm the status of his employment as a home improvement contractor. Id. at 15. Detective Deery testified that the only manner in which she attempted to contact the Appellant was by leaving her business card at the Appellant's residence. Id. at 16.

### B. The Defendant's Case

### 1. Testimony from Eduardo Rivera, Appellant. September 14, 2022 Notes of Testimony pp. 25-96.

9

Appellant testified he provided Victim Morancie with proper credentials prior to beginning work on the home. Id. at 34. Appellant testified he had a set system of handling payment for home improvement projects; half of the whole payment is required upfront, a quarter halfway through the job, and the final payment is provided when the work is completed. Appellant also noted final payment is received when the work is deemed to be satisfactory to the homeowner. Id. at 30. Appellant testified advance payments are used to pay for private bills, work expenses, and for any workers hired for a specific aspect of the job. Id. At 30-31. Appellant testified the reason for the low estimate and cost requirement of the improvement work was to impress Victim Morancie and to gain a good referral for any potential future clients. Id. at 28-29, 33-34. Appellant testified he did not realize he lacked a proper license to conduct home improvement, but he did have necessary business permits, and Appellant claimed never ran into licensing issues before this. Id. at 34-35. Appellant testified he had every intention to repay Victim, but he never did repay her. Id. at 50-52.

On cross-examination, Appellant testified he requested Victim Morancie obtain a gift card so he could purchase the materials and she could track and manage the purchases. Importantly, Appellant testified to having credit and money issues and he was unable to personally acquire the gift card. Id. At 60-63. Appellant

10

testified he did not have a full or adequate understanding of homes built in the 1950s compared to homes built today. Appellant testified he did not establish an adequate plan to properly renovate such an aged home. Id. at 64-66. Appellant testified to not possessing a Pennsylvania Home Improvement Registration Number at the time of conducting the home improvement. Id. at 67-68. Appellant testified any other licenses he possessed were expired or only applicable for work within Philadelphia. Id. at 69-71. Appellant testified he began the work without having acquired the necessary permits beforehand. Id. at 75-76. Appellant testified he damaged the plaster ceiling while moving the jacuzzi tub upstairs. Id. at 80-81. Appellant also testified he was not aware of and did not follow Pennsylvania employee wage law; Appellant did not provide legally required benefits to any personnel he brought along to the job. Id. at 85-86. Finally, Appellant testified he used the payment made by Victim for personal use. Appellant confirmed the payment was not put entirely towards the job. Id. at 87-89, 95.

### 2. Testimony from Joshua Haas, Local Real Estate Broker in Pennsylvania. September 14, 2022 Notes of Testimony at pp. 97-99.

Mr. Haas testified he has known Appellant on a professional level for around ten years; and has hired him for maintenance work and light renovation work. Id. At 97. Mr. Haas testified to Appellant being both truthful and attentive. Id. at 98.

### 3. Testimony from George Slawter, Local Real Estate Agent in Pennsylvania. September 14, 2022 Notes of Testimony at pp. 99.

Mr. Slawter testified he has known Appellant since 2010, and was once a neighbor of Appellant. Id. at 100, 102. Mr. Slawter testified to Appellant having a high level of integrity and testified that Appellant has such a reputation among their local community. Id. at 101.

On cross-examination Mr. Slawter testified his determination to the reputation of Appellant is derived from the last contact he made with Appellant in 2015. Id. at 102-103.

### C. Jury Verdict

On September 19, 2022 the jury announced a verdict of guilty to the criminal charges Home Improvement Fraud and Theft by Deception. The jury found the amount for Home Improvement Fraud exceeded $2,000.00.

## III. DISCUSSION

### A. The evidence was sufficient to prove Appellant's convictions.

Appellant alleges that the evidence was insufficient to support his convictions for home improvement fraud and theft by deception.

"Because evidentiary sufficiency is a question of law, the standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Chambers,* 188 A.3d 400 (Pa. 2018). There is sufficient evidence to sustain a conviction when the

evidence admitted at trial, and all reasonable inferences drawn from the evidence, viewed in the light most favorable to the Commonwealth as a verdict winner, are sufficient to enable the fact finder to conclude that the Commonwealth established all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Crosley*, 180 A.3d 761 (Pa. Super. 2018).

The Commonwealth may sustain its burden of proof, proving each element of the crime charged, "by means of wholly circumstantial evidence." *Commonwealth v. Jacquez*, 113 A.3d 834 (Pa. Super. 2015) quoting *Commonwealth v. Abed*, 989, A.2d 23 (Pa. Super. 2010).

When sufficiency of the evidence is challenged by Appellant; evidence demonstrating actual home improvement fraud is not required to sustain the Commonwealth's burden. The court "must determine whether the evidence and all reasonable inferences deducible therefrom, when viewed in the light most favorable to the verdict-winner, here the Commonwealth, are sufficient to establish all elements of the crime charged beyond a reasonable doubt." *Commonwealth v. Rakowski*, 987 A.2d 1215 (Pa. Super. 2010) quoting *Commonwealth v. Parker*, 957 A.2d 311 (Pa. Super. 2008).

In the present case, the jury considered the differences between the evidence presented in the Commonwealth's case and Appellant's case. The record is clear the jury, as fact finder, believed the testimony of the Commonwealth's witnesses and

13

determined the evidence was sufficient to prove beyond a reasonable doubt the elements of home improvement fraud and theft by deception.

### 1. Home Improvement Fraud

Appellant claims the Commonwealth did not present or demonstrate evidence proving beyond a reasonable doubt Appellant (a) acted with intent to defraud or injure the Victim or with knowledge that he was facilitating a fraud or injury, and (b) failed to provide services outside the designated time frame, which was extended by agreement with Victim Morancie.

The Crimes Code defines home improvement fraud:

A person commits the offense of home improvement fraud if, with intent to defraud or injure anyone or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor: (1) makes a false or misleading statement to induce, encourage or solicit a person to enter into any written or oral agreement for home improvement services or provision of home improvement materials or to justify an increase in the previously agreed upon price; (2) receives any advance payment for performing home improvement services or providing home improvement materials and fails to perform or provide such services or materials when specified in the contract taking into account any force majeure or unforeseen labor strike that would extend the time frame or unless extended by agreement with the owner and fails to return the payment received for such services or materials which were not provided by that date.

73 Pa.C.S. § 517.8(a).

Home improvement fraud occurs when a defendant: "(1) with intent to defraud or injure anyone or with knowledge that he is facilitating a fraud or injury

14

to be perpetrated by anyone; (2) when performing home improvement services or providing home improvement materials; (3) fails to perform or provide such services or materials; (4) receives any advance payment; and (5) fails to return the payment received for such services or materials which were not provided'. *Commonwealth v. Hill,* 140 A.3d 713, 718 (Pa. Super. 2016).

In this case, the record shows Appellant began renovations and did not maintain or acquire the proper licenses and permits to conduct a home improvement business. The record shows Appellant conducted demolition outside of commonly understood safety procedures. The record shows Appellant damaged key features of Victim Morancie's home; including structural aspects such as a support beam and damaged her jacuzzi tub. The record shows that Appellant did not proceed past the demolition stage of the project. The record shows Appellant received advance payment, by both check and gift card. The record shows Appellant abandoned the project. The record shows Appellant promised to repay Victim Morancie. The record shows Appellant failed to repay the money. The record shows Appellant cut off all communication with Victim Morancie. The jury carefully weighed all the evidence and found that the Commonwealth met its burden of proof beyond a reasonable doubt, notwithstanding Appellant's testimony to the contrary.

### b. Exceeded Necessary Timeframe

There is sufficient evidence to sustain a home improvement conviction when the evidence admitted at trial supports both verbal agreements and instances of text or some form of message that supports the existence of an agreed upon time frame, and shows a defendant did not meet the time frame requirements. Verbal agreements testified to are sufficient to supporting the existence of defined time frames of work. *Commonwealth v. Eline,* 940 A.2d 421, 433 (Pa. Super. 2007) (the appellant took advance payment and neither began nor completed service within the required time frame agreed upon; the appellant was non-responsive to repeated inquiries by victim; the appellant did not deliver on promised service and did not refund money.)

In this case, the record shows Appellant accepted advance payment prior to any commencement of work. The record shows the existence of verbal agreements as to the time frame of the work including the expected deadline, November 2018. The record shows text messages between Victim Morancie and Appellant extending the deadline through December 2018. The record shows Appellant agreed to the establishment of either of the two deadlines and did not protest to either deadline. The record shows Victim Morancie reminded Appellant of the deadlines. The record shows Appellant did not meet any of the deadlines and abandoned the job, leaving the home in a state of absolute disarray.

16

This court concluded the evidence and reasonable inferences when viewed in the light most favorable to the Commonwealth as verdict winner are sufficient to establish beyond a reasonable doubt the elements of home improvement fraud. The Commonwealth presented ample evidence to prove Appellant is guilty of home improvement fraud.

### 2. Theft by Deception

Appellant contends the evidence was insufficient to support the conviction for theft by deception.

A person commits theft by deception when he "intentionally obtains or withholds property of another by deception." 18 Pa.C.S. § 3922(a). "A person deceives if he intentionally: creates or reinforces false impression, including false impressions as to law, value, intention or other state of mind." *Commonwealth v. Risoldi*, 238 A.3d 434, 454 (Pa. Super. 2020).

In this case the record shows Appellant did not provide Victim Morancie accurate information on Appellant's business license. The record shows Appellant did not possess nor acquire the adequate licenses and permits to conduct such a service; the license Appellant actually possessed and used was expired; Appellant gave Victim Morancie the false impression he was a professional operating a legal business. The record also shows Appellant requested Victim Morancie to acquire a gift card so she could keep track of the purchases made for his services; Appellant

17

knew he did not have the money to get the gift card himself, and he did not alert Victim Morancie to his financial situation and own inability to acquire the gift card. The record shows that Appellant admitted to not understanding how to approach renovations for a mid-19th century home compared to a more modern home, and Appellant did not provide information concerning his lack of experience to Victim Morancie. The record shows Appellant allowed Victim Morancie to maintain a false impression of Appellant's abilities.

Based on the totality of the evidence presented, this Court concluded the Commonwealth proved each element of the charge beyond a reasonable doubt and presented ample evidence to show Appellant is guilty of theft by unlawful taking and the evidence of record, and all inferences therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, established beyond a reasonable doubt all the elements of theft by unlawful taking.

**B. Appellant's challenge to the weight of the evidence is without merit.**

Appellant challenges the weight of the evidence for his conviction on the charges of home improvement fraud and theft by deception.

A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions the evidence the jury chose to believe. *Commonwealth v. Thompson,* 106 A.3d 742, 758 (Pa. Super. 2014). Appellate review of the weight of the evidence claim is a review of the exercise of discretion,

18

not of the underlying question of whether the verdict is against the weight of the evidence. Further, because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. *Commonwealth v. Bright,* 234 A.3d 744, 749 (Pa. Super. 2020).

"The weight attributed to the evidence is a matter exclusively for the fact finder, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The grant of a new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation that a reassessment of the credibility of witnesses. Rather, the role of the judge is to determine that, not withstanding all of the facts, certain facts are so clearly of greater weight, that to ignore them or to give them equal weight with all of the facts is to deny justice. . . . An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Johnson,* 192 A.3d 1149, 1152, 1153 (Pa. Super. 2018).

19

Reversal is only appropriate where the facts and inferences disclose a palpable abuse of discretion. *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014).

In this case the record reveals Appellant misrepresented himself and his professional abilities as a contractor. It is clear from the record Appellant did not have proper licensing or permits to conduct the required home improvement work at Victim Morancie's home. The record shows Appellant seriously damaged Victim Morancie's home. The record shows Appellant abandoned all work on Victim Morancie's home. The record shows when Victim Morancie learned of Appellant's lack licensing and permits, and inability to complete the job in a professional and competent manner, she requested a full refund; and Appellant repeatedly agreed to pay her back but he never even made any attempt to do so.

Having had the opportunity to hear and to see the evidence presented, this court did not abuse discretion concerning Appellant's conviction. Appellant's challenge to the weight of the evidence is without merit. This Court considered that the jurors, as the trier of fact, listened to all the evidence and testimony of the witnesses in this case, including the testimony of Appellant. The jurors believed the evidence outlined in the Commonwealth's case, both direct and circumstantial evidence supported the guilty verdict. This court concluded the jury weighed the facts fairly, and the guilty verdict is supported by the record. The verdict is not shocking to any sense of justice. The record shows this court exercised reasonable

20

and sound judgment, properly applied the law, and did not commit error or abuse its discretion concerning the convictions, and the record is void of the court showing partiality, prejudice, ill-will, and bias. Appellant's claim belies the evidence of record and judgment of sentence should be affirmed.

## C. The trial court did not abuse discretion and Appellant's sentence is legal.

Appellant claims this court abused its discretion and Appellant's sentence is not legal: the restitution is speculative, the sentence is manifestly excessive and unreasonable, and for violating the discretionary aspect of sentencing under the requirements of 42 Pa.C.S. § 9721(b).

### 1. Restitution

Appellant claims the trial court abused discretion and imposed an illegal sentence when it imposed $23,500.00 restitution. Additionally, Appellant claims he only should be sentenced to $13,000.00 restitution.

"To determine the correct amount of restitution, a 'but-for' test is used to identify damages which occurred as a direct result of the crime and which should not have occurred but for the defendant's criminal conduct." *Commonwealth v. Yahya Asaad Muhammed,* 219 A.3d 1207, 1213-1214 (Pa. Super. 2019) citing *Commonwealth v. Gerulis,* 616 A.2d 686, 679 (Pa. Super. 1992).

"Due to the language 'directly resulting from the crime,' restitution is proper only if there is a direct causal connection between the crime and the loss." *Commonwealth v. Poplawski,* 158 A.3d 671, 674 (Pa. Super. 2017) citing Commonwealth v. *Harriot,* 919 A.2d 234, 238 (Pa. Super. 2007). "The sentencing court applies a 'but for' test in imposing restitution; damages which occur as a direct result of crimes are those which would not have occurred but for the defendant's criminal conduct." *Poplawski,* 158 A.3d at 674 citing *Commonwealth v. Wright,* 722 A.2d 157, 159 (Pa. Super. 1998).

In this case the record shows Victim Morancie paid Appellant $13,000.00 to complete renovation work on her home. The record also shows Appellant damaged a support joist integral to supporting the house. The record shows the cost for repair totaled $11,500.00 to repair the damage Appellant caused. This court concluded these damages occurred as a direct result of Appellant's conduct and would not have occurred but for Appellant's conduct; there is a causal connection between Victim Morancie's damages and Appellant crimes.

This court carefully listened to the testimony during the trial and at the sentencing hearing, and this court properly determined the amount of restitution to account for damage endured by Victim Morancie by the conduct of Appellant. This court did not abuse discretion and the sentence is legal.

## 2. Manifestly excessive and unreasonable

Appellant claims this court erred as a matter of law and violated discretionary aspect of sentencing and the sentence imposed was manifestly excessive and unreasonable and failed to give individualized consideration to Appellant's background and personal history. Appellant's claim is disingenuous and contrary to the record.

During trial, this court listened to and considered the testimony of all the witnesses, including two character witnesses who testified for Appellant.

Prior to sentencing, this court's inclination was to impose a state sentence, at the top of the standard range, 18 to 36 months. This court carefully considered the Commonwealth sentencing memorandum, including the Commonwealth's position on Appellant's sentence, the Victim's impact statement, Victim's monetary loss, and sentencing guidelines; this court also reviewed the pre-sentence investigation report.

During the November, 15 2022 sentencing hearing this court listened to both the Commonwealth and Appellant's attorneys. This court considered the gravity of the crime upon both the victim especially and the community at large. This court considered the lasting effects of the sentence upon Appellant and how it might influence other related crimes as a whole within the county. Importantly, this court heard the testimony from Appellant and his wife concerning her illness and how

23

Appellant is a constant help to her. This court considered Appellant's lack of criminal history.

Following the November 15, 2022 sentencing hearing, this court was persuaded to impose a sentence for home improvement fraud to confinement in the county prison for a minimum term of 6 months to a maximum term of 23 months, and for the conviction of theft by deception for 5 years of consecutive probation. Additionally this court, cognizant of Appellant's lack of criminal history, the nonviolent nature of the offenses, his extraordinary family obligations, the imminent holiday season, did not want to be overly punitive and permitted Appellant to begin serving confinement on January 2, 2023. On February 2, 2023 following a hearing for reconsideration of sentence this court amended Appellant's sentence to permit Appellant to go on home electronic monitoring after he served 2 months of confinement. Appellant's sentence is legal and is not manifestly excessive or unreasonable. This court did not abuse discretion.

### 3. 42 Pa.C.S. § 9721(b)

In this case Appellant claims this court erred as a matter of law and violated the discretionary aspect of sentencing, specifically the requirements of 42 Pa.C.S. § 9721(b) of the Sentencing Code, which provides the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the

offense as it relates to the impact of the victim and on the community, and the rehabilitative needs of the defendant.

In conformity with the statute this court made as part of the record, and disclosed in open court at the time of sentencing, a statement of the reasons for the sentence imposed. Immediately prior to imposition of judgment of sentence this court listened to the statements and testimony of the parties and stated it prepared for the sentencing and reviewed its notes from the case and recollected the trial. Having presided over the trial and the earlier court proceedings, and having rereviewed all necessary documents and notes, and having carefully listened to and discerned the Commonwealth's statement and Appellant's continuing defense and arguments, this court conscientiously considered all of the information and evidence in the case as it applies specifically to Appellant for purposes of sentencing including: familial responsibilities of Appellant; the gravity of the offense; the impact of Appellant's crimes impact upon Victim Morancie, her family, and in the community. This Court also considered the impact this case might have in deterring other criminal contractors. Additionally, this court carefully considered the sentencing guidelines and weighed all the information before imposing sentence. The judgment of sentence was specifically designed to take into consideration: the individual and specific nature of the offense committed by Appellant; the responsibilities and prior good conduct of Appellant; to set an example; confinement

consistent with the protection of the public; the gravity of the offense; the life and responsibilities of Appellant. This sentence is not overly harsh or manifestly excessive upon Appellant. This court absolutely did not abuse its discretion when it entered judgement of sentence upon Appellant Appellant's claim should be dismissed.

### D. The verdict form was valid.

Appellant claims: the trial court imposed an illegal sentence on both charges because the "verdict form submitted to the jury omitted the element of intent for either charge in order to establish finding of guilty, thereby rendering the verdicts invalid such that the trial court lacked authority to impose sentence on either charge"; and the trial court erred and abused discretion by providing a verdict slip inconsistent with the jury instructions, omitting any reference to the element of intent, and rendering the verdict slip invalid.

In Pennsylvania, as a general proposition, issues not raised in the lower court in criminal cases are waived and cannot be raised for the first time on appeal. *Commonwealth v. Vetter,* 149 A.3d 71 (Pa. Super. 2016); *Commonwealth v. Sanchez,* 82 A.3d 943 (Pa. 2013).

In this case, Appellant did not raise an objection to the validity of the verdict form and as a result Appellant waived the claim. In fact, this court's charge to the jury included information concerning the verdict form. Following this court's

charge, this court held a sidebar conference with the attorneys for both parties and asked whether counsel had "any comments, questions or requests?" Counsel for Appellant remained silent and at this time posed no objection to the validity of verdict form or any alleged inconsistencies with the jury instructions. September 14, 2022 Notes of Testimony at pp. 189-192. The record also is silent generally concerning any objection from counsel for Appellant to the verdict form. As a result, and notwithstanding Appellant's waived claim, this court concludes the verdict form was valid and this court had authority to impose sentence on both charges and this court did not err or abuse discretion when it provided the verdict slip to the jury. Appellant's claims concerning the validity of the verdict slip should be dismissed.

### E. The informations properly charged Appellant.

Appellant claims his conviction for home improvement fraud should be vacated because the informations charged the incorrect subsection of the statute. Appellant claim belies the record.

"The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced." Pa.R.Crim.P. 564.

"If there is no showing of prejudice, amendment of an information to add an additional charge is proper even on the day of trial." *Commonwealth v. Sinclair*, 897

27

A.2d 1218, 1224 (Pa. Super. 2006) citing *Commonwealth v. Womack,* 453 A.2d 642, 645 (Pa. Super. 1982). "The mere possibility that amendment of an information may result in a more severe penalty due to the additional charge is not, of itself, prejudice." Sinclair, 897 A.2d at 1218 citing *Commonwealth v. Picchianti,* 600 A.2d 597, 599 (Pa. Super. 1991), appeal denied, 609 A.2d 168 (Pa. 1992).

The record shows on or before August 10, 2022, more than one month before trial, the Commonwealth amended the informations to include both sub-sections of the home improvement fraud statute. This amendment does not charge an offense arising from a different set of events; the charge arises from the same series of events, and the amended charge is not so materially different from the original charge to unfairly prejudice Appellant. Appellant's claim is without merit and should be dismissed.

## IV. <u>CONCLUSION</u>

The record shows evidence was sufficient to support the charges; the verdicts were not against the weight of the evidence; this court did not abuse discretion when it imposed judgment of sentence; the verdict order was valid; and the informations

properly charged Appellant. This appeal should be dismissed and Appellant's February 2, 2023 judgment of sentence should be affirmed.

BY THE COURT:

RICHARD M. CAPPELLI, J.

cc: Catherine Kiefer, Chief, Law and Appeals Unit, District Attorney's Office (via E-mail)
Erica Bellino, Appeals Unit Coordinator, District Attorney's Office (via: E-mail)
Emily Mirsky, Esquire, Attorney for Appellant, Office off the Public Defender (via E-mail)

29